REQUESTED BY: Senator Calvin F. Carsten Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Carsten:
In your letter of July 26, 1983, you point out that, pursuant to LB 169, adopted by the last session of the Legislature, sales and income tax rates are to be set by the Legislature, rather than by the State Board of Equalization and Assessment. You state that the Revenue Committee of the Legislature, of which you are chairman, will have primary responsibility for implementing this legislation, and ask several questions about its effect.
Your first question is whether the rate setting should be done by the passage of a bill, or whether it can be done by resolution. Article III, Section 13, of our Constitution provides that no law shall be enacted except by bill. The question is whether changes in the rates of sales and income taxes amount to the enactment of a law. We have found no Nebraska cases discussing the subject, and our research has not disclosed any cases from other jurisdictions precisely on point. Since our court has not discussed the limits of the power of the Legislature to act by resolution, we note the definition of `resolution' in Black's Law Dictionary (5th Ed. 1979) as follows:
 A formal expression of the opinion or will of an official body or a public assembly, adopted by vote; as a legislative resolution. Such may be either a simple, joint or concurrent resolution.
 The term is usually employed to denote the adoption of a motion, the subject-matter of which would not properly constitute a statute, such as a mere expression of opinion; an alteration of the rules; a vote of thanks or of censure, etc. Such is not law but merely a form in which a legislative body expresses an opinion. Baker v. City of Milwaukee, 271 Or. 500, 533 P.2d 772, 775.
 The chief distinction between a `resolution' and a `law' is that the former is used whenever the legislative body passing it wishes merely to express an opinion as to some given matter or thing and is only to have a temporary effect on such particular thing, while by a `law' it is intended to permanently direct and control matters applying to persons or things in general.
Because this issue is one which arises in an essentially uncharted area of Nebraska law, we recommend that the Legislature set sales and income tax rates by bill rather than by resolution. It is certainly possible that the court might hold that Article III, Section 13, requires the passage of a bill. This question would probably arise if the Legislature acted by resolution, and a taxpayer attacked the validity of the rates so set. The effect of a successful attack of this sort could be so catastrophic that it would be unwise for the Legislature to take the risk of setting rates by resolution.
Your second question is whether, if the Legislature sets rates by resolution, the Governor has veto power over that resolution. We believe it is clear he does not. Before 1974, Article IV, Section 15, of the Nebraska Constitution provided in part: `Every bill passed by the Legislature, before it becomes a law, and every order, resolutionor vote (except on questions of adjournment) shall be presented to the Governor.' The section then provided for his approval or veto of the matters so presented to him. In 1974 this section of the Constitution was amended by striking the language underlined above. The effect of this amendment was clearly to eliminate the Governor's veto power over `orders, resolutions, or votes.'
The absence of veto power by the Governor over resolutions could be a factor inclining our court to require the passage of a bill, since the court might feel that a matter of such importance should be subject to veto.
You also ask whether the statutory criteria for ratesetting bind the Legislature in setting the rates by resolution. You particularly ask about the requirements of a 3 to 7 percent overlevy, the `nearly as possible equal' test, and the rate increments requirements of Neb.Rev.Stat. 77-2715.01
(Supp. 1982), as amended by LB 169.
This poses some difficult questions. These provisions were originally put in the statute to provide standards by which the State Board of Equalization and Assessment was bound in exercising the legislative function delegated to it of setting tax rates. Without them the legislation would have been an unconstitutional delegation of legislative power to an administrative body. When the Legislature itself is exercising this function, standards are no longer required.
The basic question, we suppose, is what remedy would be available to an interested party if the Legislature were to fail to follow the standards set forth in § 77-2715.01. If the State Board of Equalization and Assessment had violated the statute an injunction or mandamus action might have lain to enforce compliance. We believe a court would hold it lacks jurisdiction to require the Legislature to perform a legislative function in a particular way. This is particularly true with respect to the overlevy requirement and the `as nearly as possible equal' test. These involve so much discretionary decision-making that a court would be very reluctant to substitute its judgment for that of the Legislature.
With respect to the requirement that the sales tax rate be set in increments of one-half of one percent, and the income tax rates in increments of one percent, a somewhat different situation is involved. What the rate should be is a discretionary matter, involving many judgmental factors peculiarly legislative in nature. Whether the rates have been set in increments of one-half or one percent is an undisputable fact. It is true that one Legislature cannot ordinarily bind a future Legislature in legislative matters, but here we have a statute requiring one thing, and a resolution which does not follow the statute. In effect, the resolution would be amending the statute. But the statute can be amended only by bill, passed in accordance with constitutional requirements, and subject to veto by the Governor. It is possible that a court might find an irreconcilable conflict between the statute and the resolution, and resolve the conflict in favor of the statute.
You also ask about whether the Legislature could, in its rate-setting resolution, ignore the piggyback provisions of Neb.Rev.Stat. § 77-2734 (Supp. 1982), as amended by LB 619 in 1983. We conclude that it could not. LB 169 requires the Legislature to set the income tax rates for individuals, and § 77-2734 sets the rates for corporations at a fixed percentage of the rates set for individuals. To change that percentage would require an amendment of 77-2734, which cannot be done by resolution. The requirement of Article III, Section 13, that no law shall be enacted except by bill would control here.
As you can see from the above discussion, there are some difficult questions which might arise if the rates are set by resolution which would not arise if they are set by bill. We believe it would be wise for the Legislature to take this into account in reaching a decision as to which method to follow.
Very truly yours, PAUL L. DOUGLAS Attorney General Michaela M. White Assistant Attorney General